IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Riley J. Wilson, on behalf of himself and all others similarly situated,**     **Plaintiff,**     v. **Career Education Corporation,**     **Defendant.** | Case No. 11-CV-5453 Magistrate Judge Geraldine Soat Brown |

**DEFENDANT CAREER EDUCATION CORPORATION'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendant CAREER EDUCATION CORPORATION ("Defendant" or "CEC"), by and through its attorneys, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and to Rule 56.1 of the Local Rules of the United States District Court for the Northern District of Illinois, move this Court to enter an order granting it summary judgment against Plaintiff Riley J. Wilson ("Plaintiff" or "Wilson"). In support of its Motion, Defendant states as follows:

1. On August 11, 2011, Plaintiff filed a putative class action complaint on behalf of himself and other allegedly similarly situated, current and former CEC admissions representatives raising claims for breach of contract (count one) and "implied contract and unjust enrichment" (count two), seeking recovery of bonuses to which he and the putative class members were allegedly entitled when CEC discontinued its incentive compensation plan (the Admissions Representative Supplemental Compensation Plan ("Plan")). (Dkt. 1).

2. On October 6, 2011, CEC filed a motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a breach of contract claim or implied contract/unjust enrichment claim. (Dkt. 18).

3. On April 13, 2012, this Court granted Defendant's motion to dismiss, holding the facts Plaintiffs pled did not establish CEC breached the contract and that Plaintiff cannot maintain a claim for unjust enrichment. (Dkt. 41). In dismissing Plaintiff's breach of contract claim, the Court pointed out that "[f]or the first time in his responsive brief to CEC's motion, Wilson takes the position that CEC violated an implied duty of good faith and fair dealing in terminating the Plan in the manner in which it did" and concluded that "[t]he facts set forth in Wilson's complaint do not support a claim that CEC did not act in good faith." (*Id.*, pp. 12-13)

4. On June 11, 2012, Plaintiff filed his Notice of Appeal of the Court's final judgment entered on May 14, 2012. (Dkt. 43, 44).

5. On appeal, in a *per curiam* decision, a majority panel of the Seventh Circuit agreed that Plaintiff failed to state a claim for breach of the express terms of the Plan and that Plaintiff could not recover under an unjust enrichment theory. *Wilson v. Career Educ. Corp.*, 729 F.3d 665, 671 (7th Cir. 2013). However, a majority concluded Wilson successfully pled a claim for relief on his "third theory – that CEC exercised its right to terminate the Plan in bad faith and in violation of the implied covenant of good faith and fair dealing." *Id.*

6. With discovery having now concluded, and for the reasons expressed more fully in Defendant's accompanying Memorandum of Law, the Court should grant summary judgment in CEC's favor on Plaintiff's one remaining claim that CEC breached this implied covenant by terminating the Plan effective February 28, 2011, in advance of the July 1, 2011, effective date of the U.S. Department of Education ("ED") regulations that rendered the Plan illegal.

7. To start with, even examining the facts in the light most favorable to Wilson, he cannot establish, as he must, that the parties reasonably expected the Plan would continue until

any period of time, which precludes any claim that CEC exercised its discretion to terminate the Plan contrary to the parties' reasonable expectations.

8. Plaintiff's breach of contract claim premised on an implied covenant theory fails also because no reasonable jury could conclude CEC exercised its discretion to terminate the Plan effective February 28, 2011 unreasonably or without proper motive, or "arbitrarily, capriciously, or in a manner inconsistent with the reasonable expectation of the parties." *Wilson*, 729 F.3d at 675-76 (citations omitted).

9. As explained more fully in Defendant's Memorandum of Law, CEC's decision to terminate the Plan when it did followed careful deliberation among its business and human resources leaders and was made for ample, good faith reasons having nothing to do with avoiding paying Plaintiff and other admissions representatives bonuses in their "pipeline," including, *inter alia*, trying to act conservatively within an uncertain and critical regulatory and media environment; ensuring CEC had sufficient time to execute the Plan's termination, pay earned supplemental compensation, and implement a new base pay-only model for thousands of employees before the ED's regulations became effective; and aligning admissions representatives' annual merit review and merit increase dates with the rest of the organization (especially as CEC was prohibited from increasing admissions representatives' compensation twice within a 12-month period).

10. Indeed, far from acting in bad faith, CEC replaced the Plan with a base pay-only plan into which it reinvested previous Plan payouts and gave admissions representatives merit and bonus increases – costing CEC more than it would have had it terminated the Plan months later – even though CEC indisputably had no obligation to proceed in this manner.

11. Thus, no reasonable jury conclude that (per Judge Darrow) CEC's "but-for reason" for terminating the Plan effective February 28, 2011 was to avoid paying admissions representatives a bonus on recruited students, *Wilson*, 729 F.3d at 675-76 (Darrow, J.), or that (per Judge Hamilton), "CEC acted in bad faith in deciding to terminate the Plan earlier than required so as to seize for itself pipeline bonuses that Wilson and other admissions representatives were reasonably expecting to be paid as students completed their studies," *id.*, at 682 (Hamilton, J.).

WHEREFORE, for the reasons set forth herein and their accompany Memorandum of Law and Rule 56.1(a)(3) Statement of Undisputed Material Facts, Defendant respectfully requests that the Court enter an order dismissing Wilson's claim against CEC in its entirety and with prejudice, and granting such other relief in its favor as the Court deems just and equitable.

Dated: March 24.2015

s/Gregory P. Abrams
Sari M. Alamuddin
Gregory P. Abrams
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, Illinois 60601
Tel: (312) 324.1000
Fax: (312) 324.1001
salamuddin@morganlewis.com
gabrams@morganlewis.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I, Gregory P. Abrams, hereby certify that on March 24, 2015, I electronically filed a copy of the foregoing, **DEFENDANT CAREER EDUCATION CORPORATION'S MOTION FOR SUMMARY JUDGMENT** to the Clerk of the Court using the CM/ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following attorneys of record:

> Marni Willenson (marni@willensonlaw.com)
> WILLENSON LAW, LLC
> 542 S. Dearborn St., Suite 610
> Chicago, IL 60605
> (312) 546-4910
>
> Douglas Micko (micko@ctkmlaw.com)
> Vildan A. Teske (teske@crowderteske.com)
> Marisa C. Katz (katz@crowderteske.com)
> CROWDER, TESKE, KATZ & MICKO, PLLP
> 222 South Ninth Street, Suite 3210
> Minneapolis, MN 55402
> (612) 746-1558
>
> Bert Black (bblack@schaeferlaw.com)
> Bryce Mathew Miller
> (bmiller@schaeferlaw.com)
> SCHAEFER LAW FIRM LLC
> 400 South Fourth Street, Suite 202
> Minneapolis, MN 55415
> (612) 294-2600
>
> *Attorneys for Plaintiff*

/s/ *Gregory P. Abrams*
Gregory P. Abrams

DB1/ 82709352.1