UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RILEY J. WILSON,** | ) |
| | ) |
| **Plaintiff,** | ) Case No. 11 C 5453 |
| | ) |
| v. | ) Magistrate Judge Geraldine Soat Brown |
| | ) |
| **CAREER EDUCATION** | ) |
| **CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Before the court are plaintiff's objections [dkt 112] to defendant's bill of costs [dkt 107], which seeks a total of $13,107.09, consisting of various fees for printed or electronically recorded transcripts, disbursements for printing, and costs for copies. For the following reasons, plaintiff's objections are sustained in part and overruled in part. Defendant may recover $7,219.40.

### Background

Plaintiff Riley J. Wilson ("Wilson") filed this case as a class action against his former employer, Career Education Corporation ("CEC"), alleging that CEC breached the employment contract of admissions representatives by depriving them of bonuses they should have received. (Compl. ¶ 1.) [Dkt 1.] Wilson also alleged claims under implied contract and unjust enrichment theories of liability. (Compl. ¶¶ 39-45.) Wilson's complaint was dismissed for failure to state a claim. [Dkt 41]; *Wilson v. Career Educ. Corp.*, No. 11 C 5453, 2012 WL 1246328, at *7-8 (N.D. Ill. Apr. 13, 2012). Wilson appealed, and the majority of the Seventh Circuit panel concluded in a

1

*per curiam* decision that there was an enforceable contract, that CEC had the unambiguous right to terminate the plan and refuse to pay bonuses, and that an enforceable contract precluded recovery on an unjust enrichment theory. *Wilson v. Career Educ. Corp.*, 729 F.3d 665, 671 (7th Cir. 2013). However, a majority also concluded that Wilson successfully pleaded a claim for violation of the implied covenant of good faith and fair dealing, and remanded the case for further proceedings on that theory. *Id.*

On remand, the court ultimately granted summary judgment in favor of CEC on Dec. 18, 2015. [Dkt 100.] The court determined that no reasonable jury could return a verdict in Wilson's favor on his claim that, in deciding to limit bonus payments to those earned as of February 28, 2011, CEC exercised its discretion to terminate the bonus incentive plan for admissions representatives in violation of its obligation of good faith and fair dealing. (Memorandum Opinion and Order, Dec. 18, 2015, at 15.) [Dkt 99.] Wilson filed a Notice of Appeal on January 11, 2016. [Dkt 102.]

As the prevailing party, CEC filed its bill of costs and supporting memorandum [dkt 108] pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1). The bill of costs is broken down into two major sections, requesting $9,150.95 for deposition-related expenses (Def.'s Bill of Costs at 1; Def.'s Mem. at 3), $3,906.14 for printing and copying costs for deposition preparation (Def.'s Bill of Costs at 1; Def.'s Mem. at 5). CEC also requests $50 for producing documents in the requested format (Def.'s Bill of Costs at 1; Def's Mem. At 6), and Wilson takes no issue with that (Pl.'s Mem. at 9). CEC provided a list of itemized charges with its bill of costs, including invoices. (Def.'s Bill of Costs, Exs. A - A-14.) Wilson filed objections, as well as two declarations from court-reporting companies, Erin Sloan of Exhibit 5 LLC (Sloan Decl.) [dkt 113] and Margaret Exler of Exler Reporting (Exler Decl.) [dkt 114].

## Legal Standard

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." 28 U.S.C. § 1920 enumerates the costs that a judge may tax: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies were necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreters. The Supreme Court interpreted section 1920 to define "the term 'costs' as used in Rule 54(d)." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). The Court subsequently re-emphasized the "narrow scope of taxable costs." *Taniguchi v. Kan Pacific Saipan, Ltd.*, ___ U.S. ___, 132 S. Ct. 1997, 2006 (2012). "Taxable costs are limited to relatively minor, incidental expenses . . . . Taxable costs are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants and investigators." *Id.* Whether a particular cost is within the scope of § 1920 is an issue of statutory construction and thus a question of law. *In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1364 (Fed. Cir. 2011).

"There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). "Taxing costs against a losing party requires two inquiries: (1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). Although there is a strong presumption that the prevailing party will recover costs, the

party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable. *Trs. of the Chi. Plaster Inst. Pension Trust, et al., v. Cork Plaster Co.*, 570 F.3d 890, 906 (7th Cir. 2009); *Park v. City of Chi.*, 297 F.3d 606, 617 (7th Cir. 2002).

**Discussion**

Deposition-Related Expenses

CEC claims it is entitled to $9,150.95 in court reporter fees and transcript costs. (Def.'s Mem. at 3-5.) Wilson takes issue with these fees and costs because court reporter attendance fees were included, several transcripts were ordered on an expedited basis, two depositions included both videotape and transcript charges, deposition exhibit copy costs were included, and several other non-taxable charges were included. (Pl.'s Mem. at 3-8.)

*Court Reporter Attendance Fees*

A prevailing party can recover costs for deposition transcripts because "[f]ees for printed or electronically recorded transcripts" are recoverable, so long as they are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Separate court reporter attendance fees are "properly regarded as a component of the fee for the transcript." *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008). As late as 2012, however, that there was a lingering issue of whether the local rule's limit on per-page reimbursement included appearance fees. *Harney v. City of Chicago*, 702 F.3d 916, 927-28 (7th Cir. 2012). The Northern District followed the Seventh Circuit's suggestion in *Harney* and updated Local Rule 54.1(b):

4

> (b) Transcript Costs. Subject to the provisions of Fed.R.Civ.P. 54(d), the expense of any prevailing party in necessarily obtaining all or any part of a transcript for use in a case, for purposes of a new trial, or amended findings, or for appeal shall be taxable as costs against the adverse party. If in taxing costs the clerk finds that a transcript or deposition was necessarily obtained, the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court. *Court reporter appearance fees may be awarded in addition to the per page limit, but the fees shall not exceed the published rates on the Court website unless another rate was previously provided by order of court.* Except as otherwise ordered by the court, only the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court shall be allowed.

(Emphasis added.)

That amendment disposes of Wilson's objection (*see* Pl.'s Mem. at 8), but the rates on the court website serve as a ceiling for appearance fees: "Unless another rate was previously provided by order of the Court, the court reporter attendance fee shall not exceed $110 for one half day (4 hours or less), and $220 for a full day attendance fee." *United States District Court for the Northern District of Illinois*, http://www.ilnd.uscourts.gov/Pages.aspx?rsp2kxYIAI6Z3skP0PESA+q3bXKkfRyo (last visited April 28, 2016). Those rates apply here because no alternate rate was provided by the court and will serve to limit the appearance fee charged for Wilson's deposition to $220. The court reporter charged CEC $280 for appearing at Wilson's deposition. (Def.'s Bill of Costs, Exs. A, A-1 at 2.) Wilson's objection is overruled, and CEC is awarded $220 for court reporter appearance fees at Wilson's deposition.

*Expedited Deposition Transcripts*

Wilson argues that CEC inappropriately submitted costs for depositions at the "Daily Transcript" rate of $6.05 per page, rather than the "Ordinary Transcript" rate of $3.65 per page. (Pl.'s Mem. at 3.) "Costs for expedited transcripts are recoverable when, as with regular transcripts, the prevailing party demonstrates expedited transcripts were reasonably necessary. '[T]he determination of necessity [with respect to § 1920(2)] must be made in light of the facts known at the time of the deposition . . . .'" *Roney v. Illinois Dept. of Transp.*, No. 99 C 4941, 2007 WL 1100751, at *4 (N.D. Ill. April 12, 2007) (internal citations omitted).

CEC does not explain why expedited transcripts were needed. Fact discovery in this case closed on January 30, 2015 [dkt 75], with CEC's motion for summary judgment due on March 24, 2015 [dkt 77]. Many of the depositions, including Wilson's, were completed by the fall of 2014, and although six depositions were taken in January 2015, there were almost two months between the last deposition and the due date for the summary judgment motion. (*See* Def.'s Bill of Costs, Exs. A-1 - A-12.) In the absence of any explanation from CEC why expedited transcripts were required, CEC is not entitled to expedited rates, and the rate will be capped at the published rates on the court's website, $3.65 per page. *United States District Court for the Northern District of Illinois*, http://www.ilnd.uscourts.gov/Pages.aspx?rsp2kxYIAI6Z3skP0PESA+q3bXKkfRyo (last visited April 28, 2016). [1]

---

[1] CEC states that it reduced its claims to reflect the current per page judicial rate for deposition transcripts, calculating the rate at $6.05 per page rather than $3.65 for several depositions even though the billed rate was higher. (*See* Def.'s Mem., Ex. A at 2.) CEC likely used $6.05 because it was claiming an expedited transcript rate. Because the request for expedited transcript rates is denied, each submission in the bill of costs will be adjusted to no more than $3.65 per page.

One exception is Maureen Cahill's deposition. The cost of the expedited transcript as billed by the reporting company was $488.40. (Def.'s Mem., Ex. A-4.) Plaintiff submitted a declaration from the reporting company stating that the standard rate would have been $330. (Exler Decl.) [Dkt 114.] The deposition was 132 pages long (CEC's 56.1 Stmt., Ex. 9 [dkt 81]), which under the maximum rate per page ($3.65) would total $481.80. The standard rate from the company was actually lower, and that rate ($330) will be used.

*Videotaped Depositions*

Two videorecorded depositions were taken: Wilson's and that of Maureen Cahill, a deposition noticed by Wilson. Wilson objects to CEC's claim for the cost of the videorecorded and written transcripts of those two depositions, (Pl.'s Mem. at 4,), but it does not appear that CEC is asking for the cost of a videorecorded transcript for Cahill's deposition. (*See* Def.'s Mem., Ex.A at 2.) CEC is requesting the cost of both the videorecorded and written transcript of Wilson's deposition. (*Id.* at 1.)

28 U.S.C. § 1920(2) allows an award for the cost of printed or electronically recorded transcripts, and the statute has consistently been applied to tax costs for videotaped depositions that are reasonably necessary. *See Stollings v. Ryobi Technologies, Inc.*, No 08 C 4006, 2015 WL 4100479, at *5 (N.D. Ill. July 6, 2015); *Life Plans, Inc. v. Security Life of Denver Ins. Co.*, 52 F. Supp. 3d 893, 897 (N.D. Ill. June 25, 2014). Wilson contends that CEC should be awarded only the written transcript costs. (Pl.'s Mem. at 8.)

The court may award both the cost of videorecording a deposition and the cost of a transcript of the deposition, so long as the transcript was necessarily obtained for use in the case. *Little v.*

*Mitsubishi Motors North America, Inc.*, 514 F.3d 699, 701-02 (7th Cir. 2008). It is not surprising that CEC would want a videorecording of Wilson's deposition because he was the named plaintiff in a putative class action. "Playing a video deposition is superior to reading a deposition because the jury gets to see and hear the witness testify, which both enhances the jury's attention and permits it to make credibility determinations." *Stollings*, 2015 WL 4100479, at *5. As the Seventh Circuit noted in *Little*, in most cases a written transcript will also be necessary. 514 F.3d at 702. Here, portions of the written transcript of Wilson's deposition were submitted by both sides on the summary judgment motion. [Dkt 81, 90.] CEC is awarded the costs of both the videorecording and the written transcript of Wilson's deposition.

*Deposition Exhibit Copies and other related charges*

It appears that CEC is including in its deposition costs charges for "on line exhibits" and "Adobe exhibit number bookmarks." (*See, e.g.,* Def.'s Exs. A, A-2, A-3.) Wilson objects to these charges and states that the exhibits used in the deposition were documents CEC produced in discovery. (Pl.'s Mem. at 7.) "Charges for exhibit copies are not taxed as costs absent an explanation of why copies were necessary." *Plyler v. Whirlpool Corp.*, No. 08 C 6637, 2012 WL 5845428, at *2 (N.D. Ill. Nov. 19, 2012) (citing *U.S. Fidelity & Guar. Co. v. Shorenstein Realty Servs., L.P.,* 803 F. Supp. 2d 920, 923 (N.D. Ill. 2011)). CEC does not explain these charges or why they were necessary. No costs for exhibit copies will be awarded.

Wilson also objects to several other charges, such as transcript delivery and electronic copies of deposition transcripts, as not taxable. "Additional items such as disks, word indexes, extra copies, or delivery charges are regarded either as convenience or an ordinary business expense for the lawyer

and are not generally compensable" unless reasonably necessary and not merely for convenience. *See Plyler*, 2012 WL 5845428, at *2-4 (ultimately denying other costs as well under the same principle, including exhibits, condensed exhibits, litigation support disk, summary, read and sign correspondence, MINI, ASCII, certification fee-copy, condensed transcript, and others); *see also Goldberg v. 401 North Wabash Venture LLC*, No. 09 C 6455, 2013 WL 4506071, at * 3 (N.D. Ill. Aug. 23, 2013). CEC has not provided an explanation why any of these costs are necessary and not merely for the convenience of the attorneys. Those costs are, therefore, denied.

Copying-Related Expenses

CEC argues it is entitled to $3,906.14 in copying costs to prepare for depositions and for witness interviews. (Def.'s Mem. at 5-6.) Wilson does not object to the $46.70 expended for potential deposition exhibits when CEC took Wilson's deposition, but objects to the remaining copying charges and additional product and service charges. (Pl.'s Mem. at 8-12.)

28 U.S.C. § 1920(4) expressly authorizes fees for copying any materials when they are necessarily obtained for use in the case. The prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." However, it must "provide the best breakdown obtainable from retained records." *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). In *Roney*, photocopying costs were allowed because the party seeking costs provided the court a chart listing the particular documents copied, the total number of pages, the amount charged per page, the number of copies made, and the recipients of those copies, from which the court could evaluate the reasonableness of the costs. *Roney*, 2007 WL 1100751, at *2. Here, CEC states only:

9

> These costs are reasonable given the number of depositions and the volume of discovery that Plaintiff sought in this case. The parties took eleven depositions, including two corporate representative depositions pursuant to Federal Rule of Civil Procedure 30(b)(6), all but *one* of which were noticed by Plaintiff. Plaintiff's allegations arose out of a complex compensation and financial process involving several CEC executive and upper-management personnel. Preparing for so many depositions on a wide range of issues involving a complex process required significant copying of relevant documents produced during discovery.

(Def.'s Mem. at 5-6 (emphasis in original).)

While this was certainly a case of some complexity, that is not the standard for awarding copying costs. "Courts interpret Section 1920(4) to mean that photocopying charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not." *Goldberg*, 2013 WL 4506071 at * 6 (citing *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000)). The printing costs CEC claims appear to have been incurred exclusively for attorney convenience rather than for the court or production to opposing counsel. (*See* Def.'s Mem., Ex. A at 7: "documents for interviewing witnesses," "general documents for use in prepping witnesses," "interview materials.") Those costs must be denied. Similarly, the "technical time" incurred by the copying company is also denied. (*See, e.g.*, Def.'s Mem., Ex. A-13.)

Additionally, there were significant expenses for tabs and binders. Binder costs ranged from $5 to $35 per binder, and tab costs ranged from $.25 - $.50 per tab, for total tab costs of up to $398.50. (Def.'s Mem., Ex. A-13.) Costs for tabs and binders often are not recoverable. *See U.S. Fidelity & Guar. Co.,* 803 F. Supp. 2d at 925. There has been no showing these items were necessary for more than attorneys' convenience in this case; they are therefore denied.

**Conclusion**

For the reasons stated, Wilson's objections are granted in part and denied in part. CEC is entitled to costs in the amount of $7,219.40, as fully described in the attached Table A.

IT IS SO ORDERED.

_____
Geraldine Soat Brown
United States Magistrate Judge

April 29, 2016

**TABLE A**

| CATEGORY | AMOUNT REQUESTED | EXHIBIT [Dkt 107-1] | DESCRIPTION | AMOUNT GRANTED |
|---|---|---|---|---|
| Court Reporter & Deposition Transcript Fees | $1,290.00 | A-1 | Video Dep. – Wilson | $1,290 |
| Court Reporter & Deposition Transcript Fees | $1,026.50 | A-1 | Dep. Transcript – Wilson: $3.65/page X 216 pages; $220 appearance fee; no electronic transcript files, no delivery | $1,008.40 |
| Court Reporter & Deposition Transcript Fees | $1,625.00 | A-2 | Dep. Transcript – Campe: $3.65/page X 250 pages; no PDF exhibit bookmarks; no online exhibits | $912.50 |
| Court Reporter & Deposition Transcript Fees | $950.25 | A-3 | Dep. Transcript – McCullough: $3.65/page X 150 pages; no PDF exhibit bookmarks; no online exhibits | $547.50 |
| Court Reporter & Deposition Transcript Fees | $670.65 | A-4 | Dep. Transcript – Cahill: $330 Standard Rate from Company; no PDF rough draft; no exhibits; no delivery | $330 |

| | | | | |
|---|---|---|---|---|
| Court Reporter & Deposition Transcript Fees | $595.10 | A-5 | Dep. Transcript – Williams: $3.65/page X 162 pages; no PDF exhibit bookmarks; no online exhibits | $591.30 |
| Court Reporter & Deposition Transcript Fees | $629.20 | A-6 | Dep. Transcript – McLean: $3.65/page X 104 pages | $379.60 |
| Court Reporter & Deposition Transcript Fees | $313.90 | A-7 | Dep. Transcript – Graham: $3.65/page X 86 pages. No objection. | $313.90 |
| Court Reporter & Deposition Transcript Fees | $494.05 | A-8 | Dep. Transcript – Sherwood: $3.65/page X 133 pages; no PDF exhibit bookmarks; no online exhibits | $485.45 |
| Court Reporter & Deposition Transcript Fees | $559.25 | A-9 | Dep. Transcript – Budlong: $3.65/page X 137 pages; no PDF exhibit bookmarks; no online exhibits | $500.05 |
| Court Reporter & Deposition Transcript Fees | $234.75 | A-10 | Dep. Transcript – Grayeb: No Objection. At 91 pages [dkt 81-16], less than $3.65/page | $234.75 |

| Court Reporter & Deposition Transcript Fees | $353.25 | A-11 | Dep. Transcript – Campe: $3.65/page X 65 pages; no PDF exhibit bookmarks; no online exhibits | $237.25 |
|---|---|---|---|---|
| Court Reporter & Deposition Transcript Fees | $409.05 | A-12 | Dep. Transcript – Barry: $3.65/page X 80 pages; no PDF exhibit bookmarks; no online exhibits | $292.00 |
| Copying Fees | $53.22 | A-13 | Copies of documents for interviewing witnesses January 2014 | $0 |
| Copying Fees | $476.28 | A-13 | Copies of general documents for use in prepping 30(b)(6) witnesses | $0 |
| Copying Fees | $879.58 | A-13 | Copies of general documents for use in prepping 30(b)(6) witnesses | $0 |
| Copying Fees | $88.62 | A-13 | Copies of deposition preparation materials for the November 12, 2014 deposition of Gary McCullough | $0 |

| Copying Fees | $98.06 | A-13 | Copies of deposition exhibits marked to date for use in future depositions | $0 |
| Copying Fees | $190.49 | A-13 | Copies of deposition preparation materials for the November 12, 2014 deposition of Gary McCullough | $0 |
| Copying Fees | $97.32 | A-13 | Copies of deposition preparation materials for the January 26, 2015 deposition of Jackie Barry | $0 |
| Copying Fees | $142.80 | A-13 | Copies of deposition preparation materials for the November 17, 2014 deposition of Maureen Cahill | $0 |
| Copying Fees | $144.60 | A-13 | Copies of deposition preparation materials for the November 17, 2014 deposition of Brian Williams | $0 |

| | | | | |
|---|---|---|---|---|
| Copying Fees | $402.66 | A-13 | Copies of deposition preparation materials for the January 23, 2015 deposition of Thomas Budlong | $0 |
| Copying Fees | $278.95 | A-13 | Copies of deposition preparation materials for the January 26, 2015 deposition of Jennifer Campe | $0 |
| Copying Fees | $512.20 | A-13 | Copies of deposition preparation materials for the January 26, 2015 deposition of Jackie Barry | $0 |
| Copying Fees | $264.96 | A-13 | Copies of deposition preparation materials for the January 26, 2015 deposition of Jennifer Campe | $0 |
| Copying Fees | $95.20 | A-13 | Copies of deposition preparation materials for the January 26, 2015 deposition of Jennifer Campe | $0 |
| Copying Fees | $38.10 | A-14 | Copies of J. Barry interview materials: 381 pages | $0 |

| Copying Fees | $44.70 | A-14 | Wilson Potential Dep. Exhibits. No Objection. | $44.70 |
| --- | --- | --- | --- | --- |
| Copying Fees | $2.00 | A-14 | Copies of Wilson Potential Dep. Exhibits. No Objection. | $2.00 |
| Copying Fees | $26.40 | A-14 | Copies of B. Williams interview materials: 264 pages | $0 |
| Copying Fees | $24.00 | A-14 | Copies of M. Cahill deposition materials: 240 pages | $0 |
| Copying Fees | $15.10 | A-14 | Copies of M. Cahill deposition materials: 151 pages | $0 |
| Copying Fees | $18.40 | A-14 | Copies of B. Williams deposition materials: 151 pages | $0 |
| Copying Fees | $11.50 | A-14 | Copies of B. Williams deposition materials: 115 pages | $0 |
| Copying Fees | $.40 | A-14 | Copies of general deposition exhibits: 4 pages | $0 |
| Copying Fees | $.60 | A-14 | Copies of J. Campe deposition documents: 6 pages | $0 |

| Other Costs | $15.00 | A-14 | Duplication of Production CD/DVD. No Objection. | $15.00 |
|---|---|---|---|---|
| Other Costs | $20.00 | A-14 | Duplication of Production CD/DVD. No Objection. | $20.00 |
| Other Costs | $15.00 | A-14 | Duplication of Production CD/DVD. No Objection. | $15.00 |
| | | | **TOTAL:** | **$7,219.40** |